UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-409 (RCL) |
| OFFICE OF MANAGEMENT AND BUDGET, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff, Public Citizen, Inc., filed this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, against defendant, the United States Office of Management and Budget ("OMB"), requesting that OMB disclose and release various documents related to which agencies are permitted to bypass OMB's legislative and budgetary clearance processes. Presently before the Court are the parties' cross-motions for summary judgment, which have been fully briefed. Upon consideration of these filings, the relevant statutes, and case law, the Court shall grant defendant's [11] motion and deny plaintiff's [13] cross-motion for summary judgment.

**I. BACKGROUND**

Plaintiff is a national non-profit public interest organization that works to advance the interests of its members and to educate the public in a wide range of consumer protection issues. Compl. ¶ 3. Defendant OMB is an agency of the government of the United States. Id. at ¶ 4. On December 8, 2006, plaintiff submitted a FOIA request to OMB for lists of agencies that are allowed to transmit legislative and/or budgetary materials to Congress without first submitting

them to OMB for coordination and clearance. In particular, plaintiff requested

> All records listing agencies that may directly submit legislative proposals, reports, or testimony . . . [or] budget-related materials to Congress without receiving OMB clearance; and . . . [a]ll records explaining that agencies or an agency may directly submit legislative or budget-related materials to Congress without receiving OMB clearance or providing statutory authority for agencies or an agency to directly submit legislative or budget-related materials to Congress without receiving OMB clearance.

Id. at ¶ 5. By letter dated January 10, 2007, OMB informed plaintiff that it had located two documents potentially responsive to plaintiff's request and that OMB was withholding those documents based upon FOIA exemptions 2 and 5.[1] See Jukes Decl., ¶ 15. In the same letter, OMB enclosed a document that contained a list of statutes that address the direct submission of legislative materials (and the agency concerned), and a list of statutes that address the direct submission of budget materials (and the agency concerned). Compl. ¶ 6.

By letter dated January 18, 2007, plaintiff appealed OMB's withholding of the two documents and the adequacy of OMB's search for records. See Compl. ¶ 7. The defendant's general counsel denied plaintiff's appeal and upheld the decision to withhold the two documents and the cited exemptions. See Compl. ¶ 8.

Plaintiff filed the instant FOIA action on February 28, 2007, seeking, inter alia, an order requiring defendant to make all the requested records available to plaintiff. See Compl. at 3. In connection with the instant action, defendant conducted a subsequent search which resulted in the discovery of twenty additional documents. See Jukes Decl. ¶¶ 17-18. Those twenty documents were withheld based upon FOIA Exemptions 2 and/or 5. See id. at ¶ 18.

Defendant filed a motion for summary judgment on May 14, 2007 (hereinafter,

---

[1] 5 U.S.C. §§ 552 (b)(2) and (b)(5).

2

"Defendant's Motion for Summary Judgment"). On June 13, 2007, plaintiff filed its cross-motion for summary judgment and opposition to defendant's motion for summary judgment (hereinafter, "Plaintiff's Cross Motion for Summary Judgment"). On September 7, 2007, defendant filed its opposition to plaintiff's cross-motion for summary judgment and its reply to its own motion for summary judgment (hereinafter, "Defendant's Opposition"). On October 4, 2007, plaintiff filed its reply to its own cross-motion for summary judgment (hereinafter, "Plaintiff's Reply"). The parties' cross-motions are accordingly ripe for disposition. On October 26, 2007, this Court ordered defendants to submit all withheld information for in camera review.

   According to the initial index produced by defendant pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) (see Vaughn Index, Attach. A to Jukes Decl.) as well as the original declaration by James Jukes, OMB's Assistant Director for Legislative Reference (see Jukes Decl.), all responsive documents to plaintiff's FOIA request were withheld in full pursuant to FOIA Exemptions 2 and 5. During the course of pleadings, defendant released redacted versions of fourteen of the twenty-two documents originally withheld in full. See Letter, dated August 3, 2007, from Assistant U.S. Attorney Alexander D. Shoaibi to Adina Rosenbaum, Ex. 2 to Def.'s Opp'n. According to defendant's amended Vaughn index (see Am. Vaughn Index, Attach. A to Am. Jukes Decl.), the withheld portions are protected from disclosure under the "high 2" aspect of Exemption 2 and Exemption 5. Defendant asserts that it properly applied the FOIA exemptions to all of the withheld information. See Def.'s Mot. for Summ. J.; Def.'s Opp'n.

   Plaintiff challenges defendant's application of FOIA Exemptions 2 and 5 to the withheld

3

information.[2]  Plaintiff further asserts that defendant has not met its burden of demonstrating that the withheld information is not segregable from the rest of the records.  See Pl.'s Reply at 19.

## II.  ANALYSIS

### A.    Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper when the evidence in the record demonstrates that there are no disputed issues of material fact and that the moving party is entitled to judgment on the undisputed facts as a matter of law.  FED. R. CIV. P. 56(c).  A genuine issue of material fact exists if the evidence, when viewed in the light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party.  Id. at 252.  The burden is on the movant to make the initial showing of the absence of a genuine issue of material fact in dispute.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party is then entitled to a judgment as a matter of law if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

For an agency to prevail on a motion for summary judgment in a FOIA action, it must prove that no genuine issue of material fact exists, viewing the facts in the light most favorable to the requester.  Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The

---

[2] Plaintiff challenges defendant's decision to withhold information contained in all but one of the 22 responsive documents.  See Pl.'s Cross Mot. for Summ. J. at 6.

agency must further demonstrate the validity of any exemption that it asserts.  See Beck v. U.S. Dep't of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993) ("[c]onsistent with the purpose of the Act, the burden is on the agency to justify withholding requested documents").  To satisfy this burden, the agency may provide a plaintiff "with a Vaughn index, which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance."  Johnson v. Exec. Office for U.S. Att'ys, 310 F.3d 771, 774 (D.C. Cir. 2002); see also Vaughn, 484 F.2d at 827.

There is no set formula for a Vaughn index; so long as the agency provides the Court with materials providing a "reasonable basis to evaluate the claim of privilege," the precise form of the agency's submission—whether it be an index, a detailed declaration, or a narrative—is immaterial.  Gallant v. Nat'l Labor Relations Bd., 26 F.3d 168, 173 (D.C. Cir. 1994) (internal citations omitted).  While Vaughn indices are generally discretionary, affidavits alone may not suffice once it is established that records and documents are in a governmental agency's possession.  Miscavige v. Internal Revenue Serv., 2 F.3d 366, 368 (11th Cir. 1993) (citing Stephenson v. Internal Revenue Serv., 629 F.2d 1140, 1144-45 (5th Cir. 1980)).  Therefore, it is in a governmental agency's best interest to provide a Vaughn index when claiming privilege, should it seek to satisfy its disclosure burden.

Further, the agency must detail what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document.  Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 261 (D.C. Cir. 1977).  Any non-exempt information that is reasonably segregable from the requested records must be disclosed.  See Oglesby v. U.S. Dep't of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996).  In addition, district courts are required to

consider segregability issues <u>sua sponte</u> even when the parties have not specifically raised such claims. See <u>Trans-Pac. Policing Agreement v. U.S. Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C. Cir.1999).

In opposing a motion for summary judgment, a party must offer more than conclusory statements. See <u>Broaddrick v. Exec. Office of President</u>, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) (Citing <u>Laningham v. U.S. Navy</u>, 813 F.2d 1236, 1241 (D.C. Cir. 1987)). Indeed, a plaintiff pursuing an action under FOIA must establish that either: (1) the <u>Vaughn</u> index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all non-exempt material in the requested documents. See <u>Perry-Torres v. Dep't of State</u>, 404 F. Supp. 2d 140, 142 (D.D.C. 2005); <u>Twist v. Ashcroft</u>, 329 F. Supp. 2d 50, 53 (D.D.C. 2004) (citing <u>Piper & Marbury, LLP v. U.S. Postal Serv.</u>, Civil No. 99-2383, 2001 WL 214217, at *2 (D.D.C. Mar. 6, 2001)).

**B.      Defendant's Invocation of FOIA Exemption 2**

FOIA Exemption 2 permits agencies to withhold documents "related solely to the internal personnel rules and practices of the agency." 5 U.S.C. § 552(b)(2). Exemption 2 applies both to trivial internal matters, referred to as "low 2" information, and substantial internal matters, the disclosure of which would facilitate circumvention of the law, referred to as "high 2" information. See <u>Crooker v. ATF</u>, 670 F.2d 1051, 1074 (D.C. Cir. 1981). Defendant applied the "high 2" protection of Exemption 2 to the withheld portions of Documents 1 through 14 in the Amended <u>Vaughn</u> index. See Am. <u>Vaughn</u> Index, Attach. A to Am. Jukes Decl. ¶¶ 1-14. These fourteen records contain a list of agencies that are allowed under varying circumstances to bypass

OMB's legislative and/or budgetary clearance processes.

To establish the right to withhold "high 2" information, OMB must show that (1) the withheld information is "predominantly internal" and (2) its disclosure "significantly risks circumvention of agency regulations or statutes." Crooker, 670 F.2d at 1073-74; Founding Church of Scientology v. Smith, 721 F.2d 828, 831 (D.C. Cir. 1983). Plaintiff asserts that Documents 1-14 have been improperly withheld as "high 2" information since they are not predominantly internal. According to plaintiff, these documents contain instructions to OMB personnel that govern the relationships between OMB and other agencies. See Pl.'s Reply at 6. Defendant maintains that these documents are memoranda prepared and distributed by OMB for internal use only. See Def.'s Opp'n at 4. Defendant further contends that these documents contain a description of OMB officials' interpretations of the views of certain agencies regarding legislative clearance requirements. See id. In other words, these documents serve as the "intelligence" on other agencies' views regarding the nature of their obligations in the legislative clearance process. Id. Plaintiff counters that the documents constitute secret law that has been improperly withheld under Exemption 2. See Pl.'s Cross Mot. for Summ. J. at 8. In light of an in camera review of the documents in question, this Court is satisfied that Documents 1-14 are predominantly internal. The documents offer guidance to OMB officials regarding other agencies' ability to bypass presidential review of those agencies' budgetary and/or legislative recommendations. The information contained in Documents 1-14 is plainly intended for internal use only. Further, plaintiff has presented no evidence that the documents have ever been circulated to (or relied upon by) individuals outside of the Agency.

Plaintiff also challenges whether disclosure of Documents 1-14 would risk circumvention

of federal statutes and regulations.  See Pl.'s Reply at 9-10.  Plaintiff asserts that defendant cannot withhold records based on an argument that other agencies within the executive branch are likely to break the law if the records are released.  See id. at 9.  Defendant maintains, however, that disclosure of Documents 1-14 would benefit those agencies who are seeking to avoid their legislative obligations.  See Def.'s Opp'n at 13.  This Circuit does not require that the potentially circumvented agency regulation be criminally oriented.  See Schiller v. NLRB, 964 F.2d 1205, 1208 (D.C. Cir. 1992) ("[W]e have not limited the 'high 2' exemption to situations where penal or enforcement statutes could be circumvented.").  Further, the potential circumventors from whom the information is being protected need not be outside of the government.  See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Commerce, 337 F. Supp. 2d 146, 166 (D.D.C. 2004) (Lamberth, J.) (holding that "guidelines for internal audits of Commerce expenses and travel vouchers" were properly withheld, because release "could enable Commerce employees to evade the law").

      This Court agrees that the information contained in these documents would provide guidance on how to circumvent the law to agencies that do not currently possess bypass authority.  As defendant correctly stated, if other agencies knew OMB's beliefs concerning its views or the views of sister agencies, they could use this information to impede and frustrate legislative clearance requirements.  See Def.'s Opp'n at 13.  It is therefore clear to this Court that defendant properly invoked Exemption 2 for this "high 2" information.

**C.     Defendant's Invocation of FOIA Exemption 5**

      Exemption 5 protects disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  Courts have "construed this exemption to encompass the

protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context," including "materials which would be protected under the attorney-client privilege, the attorney work-privilege, or the executive 'deliberative process privilege.'" Taxation With Representation Fund v. Internal Revenue Serv., 646 F.2d 666, 676 (D.C. Cir. 1981) (citations omitted).  Agencies invoking Exemption 5 most frequently rely upon the deliberative process privilege, the purpose of which "is to prevent injury to the quality of agency decisions" by allowing "the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining which its law shall be." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 152-53 (1975) (citation omitted).  The privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Id. at 150.  In contrast, final statements of agency policy or statements explaining actions already taken by an agency are not protected by the deliberative process privilege.  See id. at 153-54.

      In applying the deliberative process privilege under Exemption 5, the documents to be withheld or redacted must be pre-decisional and deliberative.  See Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993).  For the communication or document to be predecisional, it must be "actually antecedent to the adoption of an agency policy." Jordan v. U.S. Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978).  For a communication or document to be deliberative, it must be a "direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

      Defendant has withheld documents in whole or in part on the basis of the deliberative

process privilege. Plaintiff first challenges defendant's invocation of Exemption 5 to the withheld portions of Documents 1-14. Having already found the information contained in Documents 1-14 to be properly exempted under FOIA Exemption 2, this Court need not determine whether defendant properly applied Exemption 5 to those records.

Plaintiff next challenges defendant's invocation of Exemption 5 for its withholding of Documents 15-21. These records consist of letters from Sean O'Keefe, OMB's Deputy Director, to officials at other agencies, discussing "that agency's legislative authority to bypass OMB's mandatory review and provid[ing] his comments and perspectives on legislative coordination between that agency and OMB." Am. Vaughn index, Attach. A to Am. Jukes Decl. ¶¶ 15-21. Plaintiff argues that Documents 15-21 merely explain OMB's existing policy and as such they are neither predecisional nor deliberative. See Pl.'s Reply at 22.

Defendant maintains—and this Court's in camera review confirms—that Documents 15-21 represent a discussion between OMB and other agencies about the prospective relationship between OMB and those agencies vis a vis the legislative clearance process. Thus, when these correspondences took place, no decision had been made between OMB and the various agency recipients of these correspondences regarding the agencies' participation in the legislative clearance processes. See Def.'s Opp'n at 29. Defendant further asserts that discussions between OMB and other agencies would be less productive if the participants believed that the discussions would be conducted in a public forum. See Am. Jukes Decl. ¶ 41. As such, defendant has demonstrated that the records in question are covered by the deliberative process privilege because they reflect predecisional, deliberative dialogue between OMB and other agencies in which OMB offered its perspectives on legislative coordination.

**D.      Segregability**

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such a record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). "Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld." Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1116 (D.C. Cir. 2007) (citations omitted). While "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material, . . . [i]f the district court approves withholding without such a finding, remand is required even if the requester did not raise the issue of segregability before the court." Id. at 1116-17. The question of segregability is subjective based on the nature of the document in question, and an agency must provide a reasonably detailed justification rather than conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable. Mead Data, 566 F.2d at 261. The justification need not be so detailed, however, so as to compromise the nature of the withheld information. See id. In the instant matter, the segregability analysis applies to information withheld pursuant to Exemptions 2 and 5.

Defendant released portions of Documents 1-14 that provide a listing or summary description of those statutes that, in the memoranda's view, authorize an agency to submit legislative or budgetary materials to Congress without prior OMB review. Am. Jukes Decl. ¶ 42. Typical entries in defendant's Vaughn index are as follows:

> Certain information contained on pages 7 through 16 of this document contain summary factual descriptions of statutes which can be reasonably segregated from the document's predecisional and deliberative materials. Consequently OMB is releasing most of these 10 pages (pages 7-16) of the document. The withheld portions of this document contain interagency or intra-agency predecisional,

>deliberative communications . . . [and] information related to OMB's internal rules and practices," Am. Vaughn Index ¶ 1, Attach. A to Am. Jukes Decl.;

>Certain information contained on page 6 and pages 8-14 of this document contain summary factual descriptions of statutes which can be reasonably segregated from the document's predecisional and deliberative materials. Consequently OMB is releasing most of these 8 pages (page 6 and pages 8-14) of this document. The withheld portions of this document contain interagency or intra-agency predecisional, deliberative communications . . . [and] information related to OMB's internal rules and practices, Am. Vaughn Index ¶ 10, Attach. A to Am. Jukes Decl.

Based upon defendant's Vaughn entries and this Court's in camera review of Documents 1-14, this Court is satisfied that all factual portions of these documents were released. As such, defendant has met its summary judgment burden with respect to reasonable segregation of Documents 1-14.

According to defendant's Vaughn indices, defendant withheld Documents 15-21 in full pursuant to FOIA Exemption 5. Plaintiff challenges defendant's inability to segregate non-exempt, factual content from these eight records. See Pl.'s Reply at 23. Defendant claims that the letters contain OMB's proposals for future action that cannot be separated from these facts without rendering the documents meaningless. See Def.'s Opp'n at 30. After examining defendant's Vaughn indices, the declarations provided by OMB, and the withheld records in question, this Court agrees. Accordingly, this Court finds that defendant's justifications for withholding factual content from Documents 15-21 sufficiently explain why there was no reasonable means of segregating factual material from the exempt material.

### III. CONCLUSION

Defendant has satisfied its burden of proving appropriate use of FOIA Exemptions 2 and 5. For the foregoing reasons, this Court will grant defendant's [11] motion for summary

judgment and deny plaintiff's [13] cross-motion for summary judgment.

A separate Order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, November 6, 2007.